United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK DUANE MEADE, | No. C 10-1584 MHP (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| Correctional Officer CELLI; et al., | |
| Defendants. | |

Derek Duane Meade, an inmate at San Quentin State Prison, filed a pro se civil rights complaint under 42 U.S.C. § 1983 about conditions at the prison. His complaint is now before the court for review pursuant to 28 U.S.C. § 1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. §1915A(a). The court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915A(b)(1),(2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

In his complaint, Meade alleges that correctional officer Celli cooks bacon "all night" on a portable grill in the 200-man dorm where Meade lives. Complaint, p. 6. This, in Meade's view, amounts to "cruel and unusual punishment," id., either because it smells too bad or too good. Compare inmate appeal form, § A (complaining that the cooking bacon causes the dorm "to become permeated with the disgusting stench of pork") with id. at § D (arguing that it is cruel to tease inmates who haven't eaten in hours by preparing aromatic food.) Meade further alleges that, when he filed his inmate grievance, C/O Celli responded with sarcasm – apparently referring to C/O's statement that the food was being cooked for staff holiday potlucks and that "I hate pork product myself. My favorite is beef prime rib." Id. at inmate appeal form, § C.

The complaint fails to state a claim upon which relief may be granted. Even if it is unpleasant to the plaintiff, the smell of cooking bacon simply does not amount to cruel and unusual punishment. Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer de minimis injuries. See Hudson v. McMillian, 503 U.S. 1, 8-9 (1992). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation.'" Id. at 9 (citations omitted); see, e.g., Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir.) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain), amended, 75 F.3d 448 (9th Cir. 1995); Hernandez v. Denton, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state 8th Amendment violation and no amendment can alter that deficiency), judgment vacated on other grounds, 493 U.S. 801 (1989). Causing inmates to smell cooking bacon comes nowhere near to violating the Eighth Amendment.

The correctional officer's alleged sarcastic remark in response to the inmate grievance also is not actionable under § 1983. There is no constitutional right to a prison or jail administrative appeal or grievance system in California. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v.

2

1  Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Cal. Code Regs. tit. 15, §§ 3084.1, 3084.1(d).
2  Meade had no federal constitutional right to a properly functioning appeal system.  An
3  incorrect decision on an administrative appeal or failure to handle it in a particular way
4  therefore did not amount to a violation of his right to due process.  The sarcasm in the
5  response also would not give rise to a claim under § 1983.  See Freeman v. Arpaio, 125 F.3d
6  732, 738 (9th Cir. 1997) (allegations of verbal harassment and abuse fail to state a claim
7  cognizable under 42 U.S.C. § 1983).

8      For the foregoing reasons, the complaint is dismissed for failure to state a claim upon
9  which relief may be granted.  Leave to amend will not be granted because it would be futile.
10  The clerk shall close the file.

11      IT IS SO ORDERED.

12  Dated: September 24, 2010

                                Marilyn Hall Patel
13                                  United States District Judge